UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **John M. Harty**, | ) | C/A 4:08-03510-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Dr. Alvin Abinsay; Mr. Ham; Dr. Ken Burns; Dr. | ) | |
| Weinsteen; Dr. Ed Gandy; Mr. Holmes; Dr. | ) | |
| Amaker, | ) | |
| | ) | |
| | ) | |
| Defendant(s). | ) | |

Plaintiff, proceeding *pro se*, filed this civil rights action and is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. Under Local Rule 73.02(B)(2), pretrial proceedings in this action have been automatically referred to the assigned United States Magistrate Judge.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows

a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys, *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

2

Background

Plaintiff states that he is a fifty year old registered sex offender who moved to South Carolina from New York.  He alleges that he suffers from numerous medical and psychological conditions and is an American with disabilities. The complaint contains a significant amount of background concerning a complaint he filed in New York, and he states that the injuries inflicted upon him in New York and the injuries inflicted in South Carolina are exactly the same.  (Compl. at 9.)  In this complaint, Plaintiff names Dr. Alvin Abinsay, Mr. Ham, Dr. Ken Burns, Dr. Weinsteen, Dr. Ed Gandy, Mr. Holmes, and Dr. Amaker as Defendants.

Plaintiff claims that Dr. Abinsay, a state actor assigned to be Plaintiff's medical doctor by medicare/medicaid, negligently treated him by failing to review his extensive medical history, by refusing to prescribe certain medications, and by removing some of his pills from his prescription bottles. (Compl. at 10-18.)  Plaintiff states that he thoroughly informed Dr. Abinsay at their first meeting about Plaintiff's 12 year medical history, his illnesses, and the specific course of medical care and treatments Plaintiff would need.  (Compl. at 12.)  Specifically, Plaintiff claims that he informed Dr. Abinsay that he required Xanax, which was the cornerstone of all of Plaintiff's medications.  (Compl. at 13.)  However, Plaintiff alleges that Dr. Abinsay was "(1) medically neglegent, (2) unlawfully, (3) intentionally, (4) deliberately indifferent to Plaintiff's unique medical needs by his decision to ignore and refuse Plaintiff's repeated requests to: 'Not Disrupt, Interfer, or Stop' the one key cornerstone drug Xanax, and Pain drug Darvoset." (Compl. at 14 (cited verbatim).) Plaintiff claims to have deteriorated physically and chemically as a result of Dr. Abinsay's care. Additionally, Plaintiff claims that he received this treatment from Dr. Abinsay because he is a sex offender.  (Compl. at 19.)

3

Plaintiff alleges that he sought help to access Xanax and pain medication at the Emergency Room of Carolina Hospital.  (Compl. at 20.)  Plaintiff alleges that Dr. Weinsteen treated Plaintiff and suggested that he return to his primary care physician before returning to the Emergency Room.  (Compl. at 20.)  When Plaintiff returned to the Emergency Room for treatment, he alleges that Dr. Burns, Dr. Weinsteen, and Dr. Gandy caused Plaintiff to be involuntarily committed  because he is a sex offender.  (Compl. at 21, 23.)

Plaintiff alleges that Mr. Ham had knowledge of who Plaintiff was and what his problems were, and that Mr. Ham arranged for Marion County Pee Dee OMH Center to set up an appointment for Plaintiff.  Plaintiff complains that Mr. Ham would not allow Plaintiff to seek help from another OMH Center because Plaintiff lives in Marion County.  (Compl. at 23-24.)

Plaintiff alleges that Mr. Holmes would not let Plaintiff speak during their session unless Plaintiff was asked a question.  (Compl. at 24.)  Plaintiff states that he was followed to his appointment with Mr. Holmes by plain clothes officers which frightened and intimidated Plaintiff.  (Compl. at 25.)  Plaintiff claims to have been unlawfully probed for information during his session.  (Compl. at 25.)

Plaintiff claims that Dr. Amaker intentionally and knowingly probed him for information as an OMH evaluation and then fabricated what Plaintiff disclosed.  (Compl. at 26.)

Ultimately, Plaintiff claims that all defendants have "unlawfully, intentionally, and knowingly engaged in a conspiracy and medical misconduct" to discredit his disability.   (Compl. at 27.)  Plaintiff seeks damages as well as injunctive relief.

<u>Discussion</u>

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of

4

substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In this action, at least three of the named Defendants, Dr. Burns, Dr. Weinsteen, and Dr. Gandy are private actors, who are not amenable to suit under § 1983. Plaintiff clearly states that Dr. Burns, Dr. Gandy and Dr. Weinsteen are Emergency Room doctors at Carolina Hospital. The complaint fails to allege that Dr. Burns, Dr. Gandy, and Dr.Weinsteen are employed by a state or governmental entity. As these three Defendants did not act under "color of state law," they are entitled to summary dismissal from this action.

Plaintiff appears to believe Dr. Burns, Dr. Gandy, and Dr. Weinsteen are aiding Dr. Abinsay, Mr. Ham, Mr. Holmes, and Dr. Amaker, who may be state actors, in an attempt to discredit Plaintiff's disability. Plaintiff alleges a conspiracy between those acting under color of state law and Dr. Burns, Dr. Gandy, and Dr. Weinsteen who are private actors. Conduct under color of state law may be extended to private individuals who conspire with state officials to violate an individual's constitutional rights. *See Tower v. Glover*, 467 U.S. 914 (1984). Plaintiff's claim of conspiracy is insufficient to establish conduct under color of state law by Dr. Burns, Dr. Gandy, and Dr. Weinsteen. Plaintiff's allegation of conspiracy is just a bare assertion that all Defendants conspired together in an attempt to discredit his disability. He alleges no facts in support of a conspiracy, nor

does he identify a constitutional right that has been violated by the alleged conspiracy. Although required to liberally construe a *pro se* complaint, this Court is not required to develop tangential claims from scant assertions in the complaint, and Plaintiff must do more than make mere conclusory statements to support a claim. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985); *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *see also Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (finding plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion").

Plaintiff alleges state action on the part of Dr. Abinsay and states that Dr. Abinsay was negligent and deliberately indifferent to his medical needs. These allegations do not state a claim under § 1983. While it is true that a violation of the Eighth Amendment's prohibition against cruel and unusual punishment exists when a prison official is deliberately indifferent to a serious medical need of an inmate, Plaintiff is not an inmate. *See Estelle v. Gamble*, 429 U.S. 97 (1976). Therefore, Plaintiff's Eighth Amendment claim is misplaced, and his claim against Dr. Abinsay is limited to negligence. Negligent or incorrect medical treatment is not actionable under § 1983. *Id.* at 106. Negligence, in general, is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Section 1983 does not impose liability for violations of duties of care arising

6

under state law. *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989).[*]

Plaintiff alleges that Mr. Ham arranged Plaintiff's appointment with Mr. Holmes, which resulted in both Mr. Holmes and Dr. Amaker probing Plaintiff for information and fabricating the results in an attempt to discredit his disability. However, Plaintiff fails to allege a constitutional violation. At most, Plaintiff appears to be alleging negligence/medical malpractice and/or defamation type claims against these Defendants. Again, negligence, medical malpractice, and defamation are not actionable under § 1983. *See Daniels v. Williams,* 474 U.S. 327, 328 (1986); *Estelle v. Gamble,* 429 U.S. 97, 106 n. 14 (1976) (doctors' negligence does not state a cognizable claim); *Aylor v. Town of Culpeper,* No. 96-1438, 1996 WL 671340, at *1 (4th Cir. 1996) (the United States Constitution does not afford a remedy for reputational injury alone) citing *Paul v. Davis,* 424 U.S. 693, 702 (1976). Even if Plaintiff can establish state action on the part of these Defendants, he fails to establish a federal right that has been violated by these Defendants.

To the extent that Plaintiff is attempting to argue that he has been discriminated against because he is a sex offender in violation of his equal protection rights, neither the United States Supreme Court nor the Fourth Circuit has directly addressed whether sex offenders are a suspect or quasi-suspect class. However, all of the courts that have addressed this issue have found that they are not. *See, e.g., United States v. Lemay*, 260 F.3d 1018, 1030-31 (9th Cir. 2001); *Roe v. Marcotte*,

---

[*]A civil action for negligence and malpractice would be cognizable in this court under the diversity statute, if that statute's requirements are satisfied. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992). However, the diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn.13-16 (1978). This Court has no diversity jurisdiction over this case because, according to the information provided by Plaintiff, he and the Defendants are residents of South Carolina.

193 F.3d 72 (2d. Cir.1999); *Artway v. Atty. Gen.*, 81 F.3d 1235 (3d. Cir.1996); *Cutshall v. Sundquist*, 193 F.3d 466 (6th Cir.1999); *Riddle v. Mondragon*, 83 F.3d 1197 (10th Cir.1996); *Doe v. Moore*, 410 F.3d 1337 (11th Cir.2005) (sex offenders are not a suspect class for purposes of equal protection analysis). Therefore, because sex offenders are not members of a suspect class, Plaintiff has failed to state an equal protection claim.

To the extent that Plaintiff is attempting to allege a violation of the American with Disabilities Act (ADA) by stating that he is an American with disabilities who is being discriminated against because he is a sex offender, he fails to state a claim under the ADA. In order to state a claim under the ADA, Plaintiff must allege that he is a qualified individual with a disability and that he was discriminated against because of that disability. *See* 42 U.S.C. § 12132. Being a sex offender is not a disability under the ADA, as it specifically excludes sexual behavior disorders from its definition of disability. *See* 42 U.S.C. § 12211. Therefore, Plaintiff has failed to state a claim under the ADA.

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

s/Thomas E. Rogers, III
Thomas E. Rogers, III.
United States Magistrate Judge

November <u>13</u>, 2008
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).